# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## JENNIE HINDLEY, Appellant, v. JOHN H. HINDLEY and Others, Respondents.

*Dower — right of the widow to elect whether she will accept a provision made for her in her husband's will or claim her dower — her election is not binding unless made with full knowledge of the nature and extent of the estate.*

Appeal from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

The action was brought for the admeasurement of the plaintiff's dower and to set aside a paper purporting to be an election by her to accept a provision made for her in the will of her deceased husband in lieu thereof.

After reviewing the evidence at some length the court at General Term said : " In other words it must be held from the evidence that the paper if executed by the plaintiff, even with knowledge of its purport, was executed without full knowledge on her part of the extent, nature and value of the estate and of her legal rights in reference to such estate, and it is equally clear that under such circumstances the right of dower being one favored by the law a court of equity, in case injustice was apparently done by the expression of an election, would relieve the widow from its consequences. (*Lasher* v. *Lasher*, 13 Barb., 109 ; *Wintour* v. *Clifton*, 21 Beav., 447 ; *Worthington* v. *Wigington*, 20 id., 67 ; *Morgan* v. *Edwards*, 13 Price, 782 ; *Dillon* v. *Parker*, 1 Swanst, 359 ; *Pusey* v. *Desbouvrie*, 3 P. Wms., 315 ; *Huston* v. *Cone*, 24 Ohio, 11 ; *Wells* v. *Robinson*, 13 Cal., 133 ; Story Eq. Jur. [vol. 2], 1097 ; *Larrabee* v. *Van Alstyne*, 1 Johns., 308.)

"As said by Thompson, J., in *Larrabee* v. *Van Alstyne (supra)* : ' It is a rule of chancery to give the widow election to accept of the testamentary provision or to refuse it and betake herself to her

dower at law; and even to allow her this election after acceptance and enjoyment for a considerable time of the testamentary provision, if it appears that she acted without full knowledge and understanding of her true situation and rights and of the consequences of her acceptance.' In which Chief Justice KENT concurred. And in Scribner on Dower (vol. 2, p. 484) it is said: 'It is well established, however, that no acts will be binding on the widow unless done under a full knowledge of all the circumstances and of her rights and with the intention of electing.'

" But whatever doubt may exist as to the due execution of the paper there seems to be none that the plaintiff was not fully aware of the extent and nature of her dower right at the time she executed it. In this view it is wholly immaterial whether she expressed herself satisfied with the provisions of the will or not, and about which some testimony was given during the progress of the trial. Even if she were satisfied with the provisions of the will she was not bound by the statement to that effect, in the absence of full knowledge of the nature and extent of the estate, and she had the right to assert her claim within a reasonable time, even after the partial acceptance of the provision made in lieu of dower. A widow does not forfeit her right to dower in the real estate of her deceased husband without evidence of a deliberate intention so to do expressed in some reliable form and with full knowledge of the nature and extent of the estate, and consequently of her right in it. (Cases, *supra*.)"

*C. Elliott Minor*, for the appellant.

*Townsend & Mahar*, for the respondent John H. Hindley.

*William F. Riley*, for J. C. Sanders, guardian.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, with costs to abide the event.